**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **ADAM WAGNER, on behalf of himself and others similarly situated,**<br><br>Plaintiff,<br><br>**v.**<br><br>**ATRIUM MANAGEMENT COMPANY, LLC d/b/a ATRIUM PROPERTY MANAGEMENT**<br><br>**and**<br><br>**REALPAGE, INC.**<br><br>Defendants. | **Case No. 3:25-cv-00768-RCY** |

**DEFENDANT ATRIUM MANAGEMENT COMPANY, LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Atrium Management Company, LLC ("AMC"), through counsel, hereby answers, paragraph by paragraph, Plaintiff Adam Wagner's Complaint – Class Action (ECF No. 1) ("Complaint") filed August 20, 2025.

1. The allegations contained in Paragraph 1 of the Complaint call for legal conclusions, are not a complete recitation of the applicable legal regime, and are not directed at AMC. Therefore, no response is necessary. To the extent a response is deemed required, denied.

2. The allegations contained in Paragraph 2 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, AMC denies sending any TCPA-violating calls to Plaintiff and denies that any TCPA-violating calls sent to Plaintiff were sent on AMC's behalf or by AMC's agent.

3. The allegations contained in Paragraph 3 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied. AMC is a small company with a small number of employees who agree to receive employment-related calls, but it denies making or authorizing the making of any of the calls at issue in this case.

4. The allegations contained in Paragraph 4 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied. This case is not about and does not involve "telemarketing," which is a defined term. *See* 47 C.F.R. § 64.1200(f)(13).

**PARTIES**

5. Admitted, based on AMC's last known address for Plaintiff.

6. Admitted.

7. AMC is without knowledge as to where RealPage, Inc.'s ("RealPage") headquarters and principal place of business are located, and therefore denies those allegations. The remaining allegations contained in Paragraph 7 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

**JURISDICTION AND VENUE**

8. The allegations contained in Paragraph 8 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, admitted.

9. The allegations contained in Paragraph 9 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, AMC denies the allegations relating to it.

10. The allegations contained in Paragraph 10 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, admitted.

## BACKGROUND

11. The allegations contained in Paragraph 11 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied. This case is not about and does not involve "telemarketing," which is a defined term. *See* 47 C.F.R. § 64.1200(f)(13).

12. The allegations contained in Paragraph 12 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

13. The allegations contained in Paragraph 13 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

14. The allegations contained in Paragraph 14 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

15. The allegations contained in Paragraph 15 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

16. The allegations contained in Paragraph 16 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

17. The allegations contained in Paragraph 17 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

18. The allegations contained in Paragraph 18 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

**FACTUAL ALLEGATIONS**

19. The allegations contained in Paragraph 19 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

20. Denied. As part of Plaintiff's employment with AMC, he agreed to use that telephone number for business purposes, for which AMC reimbursed him.

21. AMC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies them.

22. Denied. As part of Plaintiff's employment with AMC, he agreed to use that telephone number for business purposes, for which AMC reimbursed him.

23. The allegations contained in Paragraph 23 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

24. AMC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies them.

25. AMC denies that any alleged violative calls were sent on AMC's behalf or for its benefit. AMC removed Plaintiff's phone number from its maintenance-staff on-call list in its

RealPage account on September 12, 2024, the day after Plaintiff's employment with AMC ended. AMC never thereafter took any further action to cause Plaintiff's phone number to be added back to its maintenance-staff on-call list, which it updates periodically as on-call rotation lists change based on available personnel, and it never included Mr. Wagner in its on-call rotation lists after Mr. Wagner was removed on September 12, 2024. Any calls Plaintiff received in 2025 purporting to be from AMC or any phone number associated with it were sent without its knowledge or consent.

26. AMC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies them.

27. AMC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies them.

28. AMC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies them.

29. AMC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies them.

30. AMC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies them.

31. Admitted.

32. AMC admits only that it removed Plaintiff's telephone number from its calling rotation on September 12, 2024, the day after his employment with AMC ended, and never took any further action to cause it to be added back into its on-call-list workflows. Plaintiff contacted an AMC employee on or around January 9, 2025 and requested to be removed from its call rotation, which AMC had already done on September 12, 2024, and AMC promptly confirmed

that its on-call list in its RealPage account did not include Plaintiff's phone number. Between January 2025 and July 2025, AMC made periodic updates to its on-call rotation lists based on changes in available personnel, and never added Plaintiff back into its calling rotation after he was removed on September 12, 2024.

33. AMC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies them.

34. The allegations contained in Paragraph 34 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

35. The allegations contained in Paragraph 35 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied. This case is not about and does not involve "telemarketing," which is a defined term. *See* 47 C.F.R. § 64.1200(f)(13). AMC denies being aware of allegations that RealPage allegedly engaged in any illegal telemarketing conduct before being served with this Complaint.

36. The allegations contained in Paragraph 36 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

37. The allegations contained in Paragraph 37 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

38. The allegations contained in Paragraph 38 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, AMC denies the allegations

as this case is not about and does not involve "telemarketing" or "telemarketers," which are defined terms. *See* 47 C.F.R. §§ 64.1200(f)(12), (13).

39. The allegations contained in Paragraph 39 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, AMC denies the allegations as this case is not about and does not involve "telemarketing" or "telemarketers," which are defined terms. *See* 47 C.F.R. §§ 64.1200(f)(12), (13).

40. The allegations contained in Paragraph 40 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

41. AMC admits only that it was a subscriber of certain software and related property-management tools provided by RealPage, which included the tool that caused members of its maintenance team to be notified when a tenant called the maintenance hotline requesting emergency service for their AMC-managed residence. The remainder of the allegations in Paragraph 41 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, denied.

42. Denied.

43. Denied.

44. AMC denies that it did not take appropriate action to remove Plaintiff's number from its RealPage account.

45. The allegations contained in Paragraph 45 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

46. Denied.

47. AMC denies that it did not take appropriate, timely action to remove Plaintiff's number from its RealPage account.

48. AMC denies that it did not take appropriate, timely action to remove Plaintiff's number from its RealPage account.

49. AMC denies that it did not take appropriate, timely action to remove Plaintiff's number from its RealPage account.

50. Denied.

51. The allegations contained in Paragraph 51 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

52. The allegations contained in Paragraph 52 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, AMC denies the allegations as this case is not about and does not involve "telemarketers," which is a defined term. *See* 47 C.F.R. § 64.1200(f)(12).

53. Denied as to AMC.

54. Denied.

55. AMC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and therefore denies them.

56. AMC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and therefore denies them.

57. Denied.

58. AMC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and therefore denies them.

59. AMC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and therefore denies them.

60. Denied as to AMC.

61. The allegations contained in Paragraph 61 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

## CLASS ACTION ALLEGATIONS

62. AMC incorporates its foregoing responses to Paragraphs 1-61 of the Complaint, as if fully set forth herein.

63. AMC denies class relief is available or appropriate against AMC, which has only ever employed a handful of employees to manage the property at issue, and no other current or former employee has ever complained of any allegedly unwanted work-related calls of the type Plaintiff is suing for here.

64. The allegations contained in Paragraph 64 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

65. The allegations contained in Paragraph 65 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

66. The allegations contained in Paragraph 66 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

67. The allegations contained in Paragraph 67 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

68. The allegations contained in Paragraph 68 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

69. The allegations contained in Paragraph 69 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

70. The allegations contained in Paragraph 70 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

71. The allegations contained in Paragraph 71 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

72. The allegations contained in Paragraph 72 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

73. The allegations contained in Paragraph 73 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

74. The allegations contained in Paragraph 74 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

75. The allegations contained in Paragraph 75 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

76. The allegations contained in Paragraph 76 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

77. The allegations contained in Paragraph 77 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

78. The allegations contained in Paragraph 78 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

## FIRST CAUSE OF ACTION

79. AMC incorporates its foregoing responses to Paragraphs 1-78 of the Complaint, as if fully set forth herein.

80. The allegations contained in Paragraph 80 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

81. The allegations contained in Paragraph 81 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

82. The allegations contained in Paragraph 82 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

83. The allegations contained in Paragraph 83 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

## PRAYER FOR RELIEF

AMC denies that Plaintiff is entitled to any relief from it.

## GENERAL DENIAL

All allegations set forth in the Complaint not specifically admitted above are denied.

## AFFIRMATIVE DEFENSES

1. The calls that form the basis of the Complaint that Plaintiff allegedly received and the resulting damages allegedly suffered by Plaintiff resulted from the acts or omissions of third parties who were not agents of AMC, over whom AMC exercised no control, and for whose

conduct AMC is not responsible. Those persons or entities are responsible for the calls identified in the Complaint that Plaintiff allegedly received and all resulting damages Plaintiff allegedly suffered. AMC had no knowledge that the calls that form the basis of the Complaint that Plaintiff allegedly received were being made to Plaintiff.

2. Plaintiff's claim fails as a matter of fact and law as to AMC as it did not make the calls that form the basis of the Complaint that Plaintiff allegedly received.

3. Plaintiff's claim fails as a matter of fact and law as to AMC as the calls that form the basis of the Complaint that Plaintiff allegedly received were not made on AMC's behalf or by any of AMC's agents, as the person(s) or entity(ies) that made the calls that form the bases of the Complaint that Plaintiff allegedly received had no authority, actual or apparent, to act on AMC's behalf with respect to such calls being made to Plaintiff. AMC had no knowledge that the calls that form the basis of the Complaint that Plaintiff allegedly received were being made to Plaintiff.

4. Plaintiff's claim fails as a matter of fact and law as the calls that form the basis of the Complaint that Plaintiff allegedly received were made for emergency purposes.

5. Plaintiff's claims are barred as to AMC as it acted reasonably and with due care, and complied with all applicable statutory, regulatory, and common law requirements.

6. Plaintiff's claim is barred to the extent he and/or any purported class member expressly consented to receive the calls that form the bases of the Complaint and did not revoke such consent or failed to utilize a reasonable method to clearly express a desire to revoke such consent.

7. Plaintiff's claims are barred to the extent he and/or any purported member lacks standing to assert them.

8. Plaintiff's claim is barred to the extent the calls that form the bases of the Complaint were not made using any artificial or prerecorded voice within the meaning of 47 U.S.C. § 227.

9. Plaintiff fails to state a claim for relief under Federal Rule of Civil Procedure 23.

10. Plaintiff's Atrium Robocall Sub-Class claim fails as he cannot establish numerosity. AMC has only ever employed a handful of employees to manage the property at issue, and no other current or former employee has ever complained of any allegedly unwanted work-related calls of the type Plaintiff is suing for here.

11. Plaintiff's Atrium Robocall Sub-Class claim fails as individual questions concerning class members predominate over any common questions of law or fact.

12. Plaintiff cannot demonstrate that class relief is superior to any alternative adjudication of individual member's claims.

13. Plaintiff has failed to plead any ascertainable class.

14. An award of statutory damages violates the Due Process Clause of the United States Constitution.

15. An award of elevated statutory damages is improper, as AMC did not engage in any knowing or willful misconduct.

16. Plaintiff's claims are barred by any other matter constituting an avoidance or defense on legal or equitable grounds.

**RESERVATION OF RIGHTS**

AMC reserves the right to amend this Answer and/or to assert additional defenses and/or supplement, alter, or change any of the responses set forth in this Answer in any manner upon further investigation and/or discovery.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, AMC prays that the Complaint be dismissed with prejudice.

Dated: October 3, 2025

Respectfully submitted,

ATRIUM MANAGEMENT COMPANY, LLC

By: /s/ *Joseph P. Bowser*

Joseph P. Bowser (VA Bar No. 88399)
Carl Taylor Smith (VA Bar No. 97376)
ROTH JACKSON
1519 Summit Ave., Suite 102
Richmond, VA 23230
Telephone: (804) 441-8701
(804) 729-4440
Facsimile: (804) 441-8438
Email: jbowser@rothjackson.com
tsmith@rothjackson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2025 a copy of the foregoing document was served via this Court's Electronic Case Filing (ECF) system upon:

William Robinson
319 N. Piedmont St., #1
Arlington, VA 22203
Telephone: 703-789-4800
Email: wprlegal@gmail.com

Andrew Roman Perrong
Perrong Law LLC
2657 Mt. Camel Ave.
Glenside, PA 19038
Telephone: 215-225-5529
Email: a@perronglaw.com

*Counsel for Plaintiff*

Timothy James St. George
Troutman Pepper Locke LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1254
Email: timothy.st.george@troutman.com

*Counsel for RealPage Inc.*

/s/ *Joseph P. Bowser*
Joseph P. Bowser