**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**ADAM WAGNER,**

**Plaintiff,**

**v.** **Civil Action No. 3:25-cv-00768-RCY**

**ATRIUM MANAGEMENT COMPANY, LLC d/b/a ATRIUM PROPERTY MANAGEMENT, AND REALPAGE, INC.,**

**Defendants.**

# DEFENDANT REALPAGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant RealPage, Inc. ("RealPage"), by counsel, submits the following Answer and Affirmative Defenses to Plaintiff Adam Wagner's ("Plaintiff') Complaint ("Complaint"). RealPage denies all allegations in the Complaint that it does not explicitly admit. RealPage responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

1. The allegations in Paragraph 1 of the Complaint purport to set forth a portion of the decision *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2355, 2343 (2020). RealPage denies the allegations to the extent they are inconsistent with the cited decision.

2. RealPage admits that Plaintiff purports to bring this action pursuant to the Telephone Consumer Protection Act ("TCPA") and that Plaintiff alleges RealPage has violated the TCPA. RealPage denies that it has violated the TCPA. RealPage denies all remaining allegations in Paragraph 2 of the Complaint as to it.

3. RealPage admits that Plaintiff purports to bring this case on behalf of a proposed nationwide class. RealPage denies that this case is suitable to proceed as a class action as to it,

either on behalf of the putative classes alleged by Plaintiff or any other class. RealPage denies all remaining allegations in Paragraph 3 of the Complaint as to it.

4. RealPage denies the allegations in Paragraph 4 of the Complaint as to it.

**PARTIES**

5. RealPage lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint and therefore denies them.

6. The allegations in Paragraph 6 of the Complaint are not directed at RealPage and therefore no response from RealPage is required. If a response is required, RealPage denies the allegations as directed to RealPage, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

7. RealPage admits only that it has a business relationship with Atrium, and that RealPage has its headquarters and principal place of business in Texas. Except as so admitted, denied.

**JURISDICTION AND VENUE**

8. The allegations in Paragraph 8 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

9. The allegations in Paragraph 9 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

10. The allegations in Paragraph 10 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

**BACKGROUND**

11. The allegations in Paragraph 11 of the Complaint purport to set forth a portion of the TCPA. RealPage denies the allegations to the extent they are inconsistent with the cited statute.

12. The allegations in Paragraph 12 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

13. The allegations in Paragraph 13 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

14. The allegations in Paragraph 14 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

15. The allegations in Paragraph 15 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

16. The allegations in Paragraph 16 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

17. The allegations in Paragraph 17 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

18. The allegations in Paragraph 18 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

## **FACTUAL ALLEGATIONS**

19. The allegations in Paragraph 19 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

20. RealPage lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint and therefore denies them.

21. RealPage lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint and therefore denies them.

22. RealPage lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint and therefore denies them.

23. RealPage lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint and therefore denies them.

24. RealPage lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint and therefore denies them.

25. RealPage denies the allegations in Paragraph 25 of the Complaint.

26. RealPage admits that the calls at issue in this case were placed from telephone number (833) 587-1060. Except as so admitted, denied.

27. The allegations in Paragraph 27 of the Complaint purport to quote an alleged recording, which speaks for itself. RealPage denies the allegations to the extent they are inconsistent with the alleged recording.

28. RealPage lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint and therefore denies them.

29. The allegations in Paragraph 29 of the Complaint purport to quote an alleged recording, which speaks for itself. RealPage denies the allegations to the extent they are inconsistent with the alleged recording.

30. The allegations in Paragraph 30 of the Complaint purport to quote an alleged recording, which speaks for itself. RealPage denies the allegations to the extent they are inconsistent with the alleged recording.

31. RealPage lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint and therefore denies them.

32. RealPage lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint and therefore denies them.

33. RealPage lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint and therefore denies them.

34. RealPage denies the allegations in Paragraph 34 of the Complaint.

35. The allegations in Paragraph 35 of the Complaint are not directed at RealPage and therefore no response from RealPage is required. If a response is required, RealPage denies the allegations as directed to RealPage, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

36. The allegations in Paragraph 36 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

37. The allegations in Paragraph 37 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

38. The allegations in Paragraph 38 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

39. The allegations in Paragraph 39 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

40. The allegations in Paragraph 40 of the Complaint are not directed at RealPage and therefore no response from RealPage is required. If a response is required, RealPage denies the allegations as directed to RealPage, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

41. The allegations in Paragraph 41 of the Complaint are not directed at RealPage and therefore no response from RealPage is required. If a response is required, RealPage denies the allegations as directed to RealPage, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

42. The allegations in Paragraph 42 of the Complaint are not directed at RealPage and therefore no response from RealPage is required. If a response is required, RealPage denies the allegations as directed to RealPage, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

43. The allegations in Paragraph 43 of the Complaint are not directed at RealPage and therefore no response from RealPage is required. If a response is required, RealPage denies the allegations as directed to RealPage, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

44. The allegations in Paragraph 44 of the Complaint are not directed at RealPage and therefore no response from RealPage is required. If a response is required, RealPage denies the allegations as directed to RealPage, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

45. The allegations in Paragraph 45 of the Complaint are not directed at RealPage and therefore no response from RealPage is required. If a response is required, RealPage denies the allegations as directed to RealPage, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

46. The allegations in Paragraph 46 of the Complaint are not directed at RealPage and therefore no response from RealPage is required. If a response is required, RealPage denies the allegations as directed to RealPage, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

47. RealPage denies the allegations in Paragraph 47 of the Complaint, including any claim that it acted "unreasonably."

48. RealPage denies the allegations in Paragraph 48 of the Complaint, including any claim that it acted "unreasonably."

49. RealPage denies the allegations in Paragraph 49 of the Complaint, including any claim that it acted "unreasonably."

50. The allegations in Paragraph 50 of the Complaint are not directed at RealPage and therefore no response from RealPage is required. If a response is required, RealPage denies the allegations as directed to RealPage, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

51. The allegations in Paragraph 51 of the Complaint are not directed at RealPage and therefore no response from RealPage is required. If a response is required, RealPage denies the allegations as directed to RealPage, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as directed to the other defendants.

52. The allegations in Paragraph 52 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied.

53. RealPage denies the allegations in Paragraph 53 of the Complaint.

54. RealPage denies the allegations in Paragraph 54 of the Complaint.

55. The allegations in Paragraph 55 of the Complaint state legal conclusions not requiring a response. To the extent the allegations are contrary to law they are denied. RealPage denies all remaining factual allegations in Paragraph 55 of the Complaint.

56. RealPage denies the allegations in Paragraph 56 of the Complaint.

57. RealPage denies the allegations in Paragraph 57 of the Complaint.

58. RealPage lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint and therefore denies them.

59. RealPage denies the allegations in Paragraph 59 of the Complaint.

60. RealPage denies the allegations in Paragraph 60 of the Complaint.

61. RealPage denies the allegations in Paragraph 61 of the Complaint.

## **CLASS ACTION ALLEGATIONS**

62. RealPage repeats its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

63. RealPage admits that Plaintiff purports to bring this case on behalf of himself and a putative class. RealPage denies that this case is suitable to proceed as a class action, either on behalf of the putative classes alleged by Plaintiff or any other class. RealPage denies all remaining allegations in Paragraph 63 of the Complaint.

64. RealPage admits that Plaintiff purports to set forth a Class definition and Sub-Class definition as described in Paragraph 64 of the Complaint. RealPage denies that this case is suitable to proceed as a class action, either on behalf of the putative classes alleged by Plaintiff or any other class. RealPage denies all remaining allegations in Paragraph 64 of the Complaint.

65. RealPage denies the allegations in Paragraph 65 of the Complaint.

66. RealPage admits that Plaintiff purports to exclude certain persons and entities from his proposed class definitions. RealPage denies that this case is suitable to proceed as a class action, either on behalf of the putative classes alleged by Plaintiff or any other class. RealPage denies all remaining allegations in Paragraph 66 of the Complaint.

67. RealPage denies the allegations in Paragraph 67 of the Complaint.

68. RealPage admits that Plaintiff purports to seek injunctive relief and money damages on behalf of his proposed classes. RealPage denies that this case is suitable to proceed as a class action, either on behalf of the putative classes alleged by Plaintiff or any other class, and denies

that Plaintiff or any putative class member is entitled to any relief whatsoever. RealPage denies all remaining allegations in Paragraph 68 of the Complaint.

69. RealPage denies the allegations in Paragraph 69 of the Complaint.

70. RealPage denies the allegations in Paragraph 70 of the Complaint.

71. RealPage denies the allegations in Paragraph 71 of the Complaint.

72. RealPage denies the allegations in Paragraph 72 of the Complaint.

73. RealPage denies the allegations in Paragraph 73 of the Complaint.

74. RealPage denies the allegations in Paragraph 74 of the Complaint and its subparts.

75. RealPage denies the allegations in Paragraph 75 of the Complaint.

76. RealPage denies the allegations in Paragraph 76 of the Complaint.

77. RealPage denies the allegations in Paragraph 77 of the Complaint.

78. RealPage denies the allegations in Paragraph 78 of the Complaint.

## FIRST CAUSE OF ACTION

**Alleged Statutory Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227(b))**

79. RealPage repeats its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

80. RealPage denies the allegations in Paragraph 80 of the Complaint.

81. RealPage denies the allegations in Paragraph 81 of the Complaint.

82. RealPage denies the allegations in Paragraph 82 of the Complaint.

83. RealPage denies the allegations in Paragraph 83 of the Complaint.

## PRAYER FOR RELIEF

RealPage denies that it is liable to Plaintiff or the putative class members for any of the requests for relief set forth in the WHEREFORE clause in the Complaint, including subparagraphs A-D, and deny that Plaintiff or the putative class members are entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

RealPage admits that Plaintiff seeks a jury trial but denies that Plaintiff or the putative class members are entitled to any relief from a jury.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting to the truth of any of the allegations in the Complaint that have previously been denied, and without admitting or acknowledging that RealPage bears any burden of proof as to the allegations in the Complaint, RealPage asserts the following affirmative and other defenses. RealPage also intends to rely upon any defenses that become available or apparent during pretrial proceedings and discovery in this action, and hereby reserves the right to amend this Answer in order to assert all such further defenses.

## FIRST AFFIRMATIVE DEFENSE

**(Failure To State A Claim)**

Plaintiff's claim fails to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against RealPage and fails to state facts sufficient to entitle Plaintiff to the relief sought.

**SECOND AFFIRMATIVE DEFENSE**

**(Compliance/Good Faith)**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, RealPage acted in good faith and complied fully with the TCPA and any other applicable statute, regulation, or law.

**THIRD AFFIRMATIVE DEFENSE**

**(Proximate Cause/Speculative Damages)**

Plaintiff's claim fails to the extent that Plaintiff's purported damages, which RealPage continues to deny, were the result of acts or omissions of third persons over whom RealPage had neither control nor responsibility, or were the result of Plaintiff's own prior conduct.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure To Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statutory and/or Treble Damages)**

Plaintiff cannot recover from RealPage for statutory or treble damages to the extent that any award of such damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim. Any award of such damages would violate the constitutional standards enunciated in cases such as

*BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**SIXTH AFFIRMATIVE DEFENSE**

**(Injury-In-Fact/Standing)**

Plaintiff cannot recover from RealPage to the extent that he lacks standing and/or has not alleged or cannot maintain an actual injury-in-fact, as this deprives the Court of Article III jurisdiction.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

Plaintiff cannot recover against RealPage to the extent that his Complaint fails to state a claim for relief for punitive damages. Additionally, Plaintiff cannot recover punitive damages against RealPage to the extent that such an award would violate RealPage's constitutional rights under the Constitution of the United States of America.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Laches)**

Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations or doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

**(Consent to Calls)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff consented to the alleged calls within the meaning of the TCPA.

**<u>TENTH AFFIRMATIVE DEFENSE</u>**

**(Contract Claims)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's claims are contractual in nature and not appropriate under the TCPA.

**<u>ELEVENTH AFFIRMATIVE DEFENSE</u>**

**(Unregulated Calls)**

Plaintiff's claims under the TCPA fail to the extent they are based on calls or other activity not intended to be subject to regulation under the TCPA.

**<u>TWELFTH AFFIRMATIVE DEFENSE</u>**

**(Emergency Purpose)**

Plaintiff's claims are barred, in whole or in part, to the extent that any calls allegedly placed to Plaintiff's phone number were made for an "emergency purpose" under the TCPA.

**<u>THIRTEENTH ADDITIONAL DEFENSE</u>**

**(Cannot Proceed as a Class Action)**

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons: Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and his counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties in any attempt to proceed as a class action.

## FOURTEENTH ADDITIONAL DEFENSE

**(Due Process)**

Plaintiff and the putative class members cannot recover from RealPage as a class action to the extent to which such class recovery would deprive RealPage of its due process rights to assert individualized defenses to claims of class members.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Right To Assert Additional Defenses)**

RealPage reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, RealPage requests that this Court:

(a) Find that Plaintiff takes nothing on his claims against RealPage;

(b) Dismiss Plaintiff's Complaint with prejudice and deny Plaintiff any and all relief requested in the Complaint;

(c) Enter judgment in favor of RealPage;

(d) Award RealPage the costs in this matter, including reasonably attorneys' fees if available; and

(e) Award RealPage such other relief as the Court deems just and proper.

Dated: October 10, 2025

**REALPAGE, INC.**

By: */s/ Timothy J. St. George*

Timothy J. St. George
Virginia State Bar No. 77349
*Counsel for RealPage, Inc.*
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: timothy.st.george@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October 2025, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.


*/s/ Timothy J. St. George*
Timothy J. St. George
Virginia State Bar No. 77349
*Counsel for RealPage, Inc*.
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: timothy.st.george@troutman.com